1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Meghan E. George (SBN 274525)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
4  21031 Ventura Blvd., Suite 340
   Woodland Hills, CA 91364
5  Phone: 323-306-4234
6  Fax: 866-633-0228
   tfriedman@toddflaw.com
7  abacon@toddflaw.com
8  mgeorge@toddflaw.com
   *Attorneys for Plaintiff*

9

10              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
11

12 | CLINTON GLEN CRISHER, | Case No. 2:23-cv-02963-SB-PVC |
13 | | |
14 | Plaintiff, | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS** |
15 | v. | |
16 | U.S. BANK NATIONAL ASSOCIATION, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and DOES 1-10, inclusive, | |
17 | | |
18 | | Judge: Hon. Stanley Blumenfeld, Jr. |
19 | | Courtroom: 6C |
20 | | Hearing Date: August 11, 2023 |
   | | Hearing Time: 8:30 a.m. |
21 | Defendants. | |

22

23

24

25

26

27

28
   Case No.: 2:23-cv-02963-SB-PVC
   **MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL
   ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................i

I. INTRODUCTION ...............................................................................................1

II. RELEVANT FACTS............................................................................................2

III. LEGAL STANDARD ..........................................................................................3

IV. ARGUMENT........................................................................................................5

    A. U.S. Bank Has Failed to Establish the Existence of a Binding Arbitration Agreement With Language Covering Plaintiff's Allegations in This Case. ..............................................................................5

    B. No Arbitration Agreement Was Formed Which Covers the Account Numbers Defendant Furnished to the Credit Reporting Agencies. .......7

    C. Defendant Waived Its Right to Enforce the Arbitration Agreements...9

    D. Even if There Exists a Binding Agreement to Arbitrate, It Is Unenforceable Because It Is Unconscionable...................................10

        1. The Arbitration Agreement Is Procedurally Unconscionable Because It Is Found Within a Contract of Adhesion. ................10

        2. The Arbitration Agreement is Also Substantively Unconscionable.........................................................................12

V. CONCLUSION...................................................................................................13

Case No.: 2:23-cv-02963-SB-PVC     i

**MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**

# TABLE OF AUTHORITIES

Cases

*Armendariz v. Foundation Health Psychare Svcs.*, *Inc.,* 24 Cal. 4th 83 (2000). 4, 10

*Armstrong v. Michaels Stores*, Inc., 59 F.4th 1011, 1014 (9th Cir. 2023) ...............9

*AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011) ....................................4

*AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 (1986)....3, 4

*Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1244 (2016) ................................12

*Beverage Holdings, L.L.C. v. 5701 Lombardo, L.L.C.*, 159 Ohio St.3d 194, 197, 150 N.E.3d 28, 30 (Ohio 2019).........................................................................5

*Bielski v. Coinbase, Inc.*, No. C 21-07478 WHA, 2022 U.S. Dist. LEXIS 65689 (N.D. Cal. Ap. 8, 2022)..................................................................................9

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) ....................5

*Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681 (1996).........................................4

*EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002).....................................................4

*Ferguson v. Countrywide Credit Undus., Inc.*, 298 F.3d 778 (9th Cir. 2002) ..........4

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (U.S. 1995).......................4

*Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 67, 908 N.E.2d 408, 413 ......... 11, 12

*Kersting v. UnitedHealth Group*, No. 23-CV-159 TWR (AHG), 2023 WL 4305127, at *7 (S.D. Cal. June 29, 2023).............................................................9

*Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052 (9th Cir. 2013) ........................ 3, 10

*Knutson v. Sirius XM Radio Inc.,* 771 F.3d 559, 565 (9th Cir. 2014)……………..8

*Lim v. TForce Logistics* LLC, 8 F.4th 992  (9th Cir. 2021) ............................... 9, 10

*Lopez v. Terra's Kitchen, LLC,* 331 F.Supp.3d 1092, 1096 (S.D. Cal. 2018) ..........5

*Morgan v. Sundance, Inc.*, 142. S.Ct. 1708 (2023) ...................................................9

*Morse v. Servicemaster Global Holdings, Inc.*, No. C 10-00628 SI, 2012 U.S. Dist. LEXIS 144691 (N.D. Cal. Oct. 4, 2012)................................................3, 4

*Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014)   ……….. 7-8

*Norcia v. Samsung Telecomm's Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017)....8

*Parada v. Sup. Ct.*, 176 Cal. App. 4th 1554, 1573 (2009).......................................12

*Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223  (2012)..................................................................................................10

*Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469 (9th Cir. 1991) ...........3

*Robinson v. Mayfield Auto Group, L.L.C.*, 2017-Ohio-8739, 100 N.E.3d 978, at ¶ 15 (Ohio App. 8th Dist. 2017) ..............................................................................8

*Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899 (2015).........................................9

*Southern California Pizza Company, LLC v. First Mercury Insurance Company.*, No. CV 10-05165 SJO (OPx), 2011 WL 13217212, at *2 (C.D. Cal. Apr. 29, 2011) ................................................................................................................. 5-6

*Stirlen v. Supercuts, Inc.,* 51 Cal. App. 4th 1519, 1532 (1997)...............................12

*Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 358 (Ohio 2008) .......10

*Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (9th Cir. 2001) ..........................4

*Volt Info. Scis. v. Bd. of Trs.,* 489 U.S. 468 (1989) ...................................................4

*West Pueblo Partners, LLC v. Stone Brewing Co., LLC*, 90 Cal.App.5th 1179, 1185 (First Dist. 2023)..........................................................................................5

Statutes

5 U.S.C. § 1681.........................................................................................................1

9 U.S.C. § 4...............................................................................................................3

Cal. Civ. Code § 1638...............................................................................................5

Cal. Civ. Code § 1641...............................................................................................5

Cal. Civ. Code § 1670.5(a) .......................................................................................9

Cal. Civ. Code § 1785.25..........................................................................................1

Cal. Civ. Code § 1798.92..........................................................................................1

Cal. Penal Code § 530.8............................................................................................1

Case No.: 2:23-cv-02963-SB-PVC                    iii
**MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**

## I. INTRODUCTION

Plaintiff, Clinton Glen Crisher ("Plaintiff"), brought this action against Defendant U.S. Bank, National Association ("U.S. Bank") alleging violations the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 Cal. Civ. Code § 1798.92, *et seq.*; and Cal. Penal Code § 530.8. *See* Plaintiff's First Amended Complaint, Dkt. No. 30. U.S. Bank filed the instant Motion to Compel Arbitration and to Dismiss (the "Motion," Dkt. No. 40), claiming that Plaintiff agreed to arbitrate his claims against U.S. Bank. While there are three other Defendants to this action, only U.S. Bank has asserted that the claims against it should proceed in arbitration, rather than before the Court.

However, for four different reasons, U.S. Bank's Motion must fail. Any one of these bases would be sufficient to deny U.S. Bank's Motion, but when combined it is clear U.S. Bank has failed to prove the existence of binding arbitration agreements. First, the plain language of the arbitration agreements which U.S. Bank argues apply here do not cover the claims raised in this action. Second, U.S. Bank has failed to prove formation of arbitration agreements which cover the account numbers in question. Third, U.S. Bank waived its right to enforce the purported arbitration agreements by waiting nearly three months after it was served with Plaintiff's original complaint before filing its Motion and by participating in this litigation in the meantime. Finally, even if the Court finds that the arbitration agreements cover Plaintiff's claims, formation has been proven, and that U.S. Bank did not waive it right to enforce them, those agreements should not be enforced because they are unconscionable.

Therefore, Plaintiff respectfully requests the Court deny U.S. Bank's Motion in its entirety.

///

## II.   RELEVANT FACTS

Plaintiff does not dispute that he had three credit card accounts with U.S. Bank. However, many of the statements contained in the Declaration of Lynsee Fossum (Dkt. No. 40-2), which was filed in support of Defendant's Motion, are simply not correct. When comparing the statements in the Declaration of Plaintiff (filed contemporaneously with this Memorandum), along with the evidence provided by Plaintiff as exhibits to his Declaration, the existence of the arbitration agreements Defendant seeks to enforce must be drawn into question.

To begin with, Ms. Fossum claims that to open the accounts in question, Plaintiff applied in person with a banker at the U.S. Bank location at 1702 N. Vermont Ave., Los Angeles, California, 90027 (Dkt. No. 40-2, p. 2, ¶ 6). However, Plaintiff did not apply in person at this location, but actually applied for each of them over the internet. *See* Declaration of Plaintiff, pp. 2-3, ¶¶ 5-8, and its Exhibits A-D.

For the Platinum Visa Account and the Cash Plus Account, Ms. Fossum attests to dates upon which Plaintiff allegedly began using the credit cards for those accounts which are also incorrect. *Compare* Decl. of Fossum, Dkt. No. 40-2, p. 4, ¶ 16 with Decl. of Plaintiff, p. 3, ¶ 9; and Decl. of Fossum, Dkt. No. 40-2, p. 5, ¶ 25, with Decl. of Plaintiff, p. 3, ¶ 10. While the difference may seem slight, they are nonetheless incorrect as stated in her Declaration.

In addition, the Annual Percentage Rate ("APR") on the document which Ms. Fossum states is the applicable account agreement for the Cash Plus Account does not match the APR to which Plaintiff agreed at the time he applied for that account, calling into question what actual account agreement Defendant seeks to enforce. *Compare* Decl. of Fossum, Dkt. No. 40-2, p. 4, ¶ 20, and its Ex. E, with Decl. of Plaintiff, pp. 2-3, ¶¶ 11-12, and its Ex. B.

Significantly, Plaintiff closed the Platinum Visa Account and the Cash Plus

1  Account on December 15, 2021. At the time he closed the Platinum Visa Account,
2  there should not have been any remaining amount owed to U.S. Bank. Decl. of
3  Plaintiff, p. 3, ¶¶ 13-14, and its Ex. E-G. Similarly, at the time he closed the Cash
4  Plus Account, there should not have been any remaining amount owed to U.S. Bank.
5  Decl. of Plaintiff, pp. 3-4, ¶¶ 17-18, and its Ex. I-J.

6       For reasons unbeknownst to Plaintiff, after the closure of these accounts, U.S.
7  Bank began reporting late payments on his credit reports, for months after those
8  accounts were closed, and *with different account numbers*. Decl. of Plaintiff, p. 6, ¶
9  24. A great deal of confusion seems to exist on the part of U.S. Bank as to which
10 account numbers identified these accounts and at what times. While Ms. Fossum
11 claims that new account number were assigned for each of the accounts at issue
12 (without further explanation or foundation), Plaintiff never activated or used credit
13 cards with some of these numbers. *Compare* Decl. of Fossum, Dkt. No. 40-2, pp.
14 4-7, ¶¶ 18, 27, 36, with Decl. of Plaintiff, pp. 2-3, ¶¶ 15-22, and its Ex. F-K.

15 **III.   LEGAL STANDARD**

16       Under the Federal Arbitration Act ("FAA"), "district courts shall direct parties
17 to proceed on issues as to which an arbitration agreement has been signed," but the
18 role of the court is to first determine: "(1) whether a valid agreement to arbitrate
19 exists and, if it does, (2) whether the agreement encompasses the dispute at issue."
20 *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (internal
21 quotation omitted). Before deciding to grant a motion to compel arbitration, a court
22 must determine whether a valid agreement to arbitrate exists. *Morse v. Servicemaster*
23 *Global Holdings, Inc.*, No. C 10-00628 SI, 2012 U.S. Dist. LEXIS 144691, *8-9
24 (N.D. Cal. Oct. 4, 2012) (citing *Republic of Nicaragua v. Standard Fruit Co.*, 937
25 F.2d 469, 477-478 (9th Cir. 1991) (emphasis added)); *see also* 9 U.S.C. § 4.
26 "[A]rbitration is a matter of contract and a party cannot be required to submit to
27 arbitration any dispute which he has not agreed so to submit." *AT&T Technologies,*
28

Case No.: 2:23-cv-02963-SB-PVC     3
**MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL
ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**

*Inc. v. Commc'ns Workers of Am*., 475 U.S. 643, 648 (1986). Thus, the FAA "does not require parties to arbitrate when they have not agreed to do so." *EEOC v. Waffle House, Inc*., 534 U.S. 279, 294 (2002). While there is a presumption in favor of arbitration, that presumption "does not confer a right to compel arbitration of any dispute at any time." *Morse*, 2012 U.S. Dist. LEXIS 144691 at *9 (citing *Volt Info. Scis. v. Bd. of Trs.,* 489 U.S. 468, 474 (1989)).

Where grounds "exist at law or in equity for the revocation of any contract, courts may decline to enforce such agreements." *See Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 683 (1996); *Ferguson v. Countrywide Credit Undus., Inc*., 298 F.3d 778, 782 (9th Cir. 2002). Arbitration agreements "are neither favored nor disfavored, but simply placed on an equal footing with other contracts." *Armendariz v. Foundation Health Psychare Services*, Inc., 24 Cal. 4th 83, 127 (2000) (abrogated on other grounds). Therefore, arbitration agreements are subject to the same defenses as any other contract, which includes fraud, duress, unconscionability, or other general contract law defenses. *See AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745-46 (2011).

The United States Supreme Court has stated that "[w]hen deciding whether the parties agreed to arbitrate a certain matter [courts] should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). While there is a liberal federal policy favoring arbitration agreements, courts must still look to state law in addressing issues relating to contract validity and enforceability. *Ticknor v. Choice Hotels Int'l, Inc*., 265 F.3d 931, 936-37 (9th Cir. 2001) (finding that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2").

Under California Law, "[w]hen interpreting a contract, a court seeks to ascertain the mutual intent of the parties solely from the written contract so long as

possible. (Civ. Code, § 1638.) The court considers the contract as a whole and interprets the language in context, rather than in isolation. (Civ. Code, § 1641.) And where the language is clear and explicit, and does not involve an absurdity, the plain meaning governs. (Civ. Code, § 1638.)" *West Pueblo Partners, LLC v. Stone Brewing Co., LLC*, 90 Cal.App.5th 1179, 1185 (First Dist. 2023).

Under Ohio Law, which Defendant argues should apply, no different standard would apply. "Our legal standards for the interpretation of contracts are well established. We seek primarily to give effect to the intent of the parties, and we presume that the intent of the parties is reflected in the plain language of the contract. As a result, if the language of a contract is plain and unambiguous, we enforce the terms as written, and we may not turn to evidence outside the four corners of the contract to alter its meaning." *Beverage Holdings, L.L.C. v. 5701 Lombardo, L.L.C.*, 159 Ohio St.3d 194, 197, 150 N.E.3d 28, 30 (Ohio 2019) (citations omitted).

## IV.   ARGUMENT

### A.   U.S. Bank Has Failed to Establish the Existence of a Binding Arbitration Agreement With Language Covering Plaintiff's Allegations in This Case.

"In determining whether to compel a party to arbitration, the Court may not review the merits of the dispute; rather, the Court's role under the FAA is limited 'to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Lopez v. Terra's Kitchen, LLC,* 331 F.Supp.3d 1092, 1096 (S.D. Cal. 2018) (quoting *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)). "If the Court finds that the answers to those questions are "yes," the Court must compel arbitration." *Id.* (citation omitted). "When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard of Federal Rules of Civil Procedure 56."

*Southern California Pizza Company, LLC v. First Mercury Insurance Company.*, No. CV 10-05165 SJO (OPx), 2011 WL 13217212, at *2 (C.D. Cal. Apr. 29, 2011). A court should grant a motion to compel arbitration only "when there is no genuine issue of material fact concerning the formation..." *Id.*

Here, Plaintiff disputes that the arbitration agreements U.S. Bank seeks to enforce cover the actual issues Plaintiffs has raised in his First Amended Complaint. The language as to each of the agreements in question is identical.

> **Claims Covered By Arbitration**
>
> Claims subject to our agreement to arbitrate shall include all of the following: (1) Claims related to or arising out of this Agreement, or any prior or later versions of this Agreement as well as any changes to the terms of this Agreement; (2) Claims related to or arising out of any aspect of any relationship between us that is governed by this Agreement, whether based in contract, tort, statute, regulation, or any other legal theory; and (3) Claims that relate to the construction, scope, applicability, or enforceability of this arbitration provision. Claims include Claims that arose before we entered into this Agreement (such as Claims related to advertising) and after termination of this Agreement.

Ex. B, E, and H to Decl. of Fossum, Dkt. No. 40-2, pp. 10, 30, and 50.

However, Plaintiff's claims do not relate to "this Agreement" in any way. Rather, Plaintiff's claims relate to the fact that U.S. Bank furnished information to the credit reporting agencies reflecting that he was late on payments allegedly owed on the Platinum Visa Account and the Cash Plus Account in 2022 – as described by the account numbers supplied by Defendants – after both accounts had been closed

with a zero balance due on December 15, 2021. *Id.*, p. 6, ¶ 24.

While Defendant attempts, in conclusory fashion, to connect these changing account numbers as applying to the same accounts, the evidence supplied by Plaintiff casts doubt on that assertion. Ms. Fossum claims that "[d]ue to subsequent disputes submitted by Plaintiff, the Platinum Visa Account was later assigned new account numbers ending in -8503 and -4870, and currently ends in -8756." Decl. of Fossum, Dkt. No. 40-2, p. 4, ¶ 18. However, as Plaintiff explains, on December 15, 2021 he received an email from U.S. Bank which advised him, "Your statement for the account ending in 4870 is now available." Decl. of Plaintiff, p. 3, ¶¶ 13-14. Further, the statement he received on December 14, 2021, as well as the email confirmations he received for the payments he made on December 6 and 8, 2021, reflected the account number ending in -4870. Decl. of Plaintiff, p. 3, ¶¶ 14-15.

Ms. Fossum likewise claims that "[d]ue to subsequent disputes submitted by Plaintiff, the Cash Plus Account was later assigned account numbers ending in -9602 and -7176, and currently ends in -6957. Decl. of Fossum, Dkt. No. 40-2, p. 5, ¶ 27. However, at that time, the account number should have reflected as ending in -9602. Decl. of Plaintiff, p. 4, ¶ 19. Of significant importance is the fact that Plaintiff never activated a credit card on the Platinum Visa Account with an account number ending in -8756 and he never activated a credit card on the Cash Plus Account with an account number ending in either -7176 or -6957. *Id.*, pp. 3-4, ¶¶ 16, 20. These are the most current account numbers for each of these accounts which Defendant claims are the ones which currently apply. Plaintiff does not dispute any credit reporting related to the Altitude Go Account.

**B.     No Arbitration Agreement Was Formed Which Covers the Account Numbers Defendant Furnished to the Credit Reporting Agencies.**

To determine if the parties agreed to arbitrate a dispute, "federal courts apply

ordinary state-law principles that govern the formation of contracts." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal quotation marks omitted). The party seeking to compel arbitration "bears the burden of proving the existence of an agreement to arbitrate" the issues being disputed. *Norcia v. Samsung Telecomm's Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (internal quotation marks omitted).

Under California Law mutual assent is a required element of contract formation. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "Courts must determine whether the outward manifestations of consent would lead a reasonable person to believe the offeree has assented to the agreement." *Id.* "This principle of knowing consent applies with particular force to provisions for arbitration." *Id.* at 566. A manifestation of mutual consent is likewise required under Ohio law. *See, e.g., Robinson v. Mayfield Auto Group, L.L.C.*, 2017-Ohio-8739, 100 N.E.3d 978, at ¶ 15 (Ohio App. 8th Dist. 2017).

U.S. Bank claims Plaintiff manifested his consent to its arbitration agreements because (1) he received the credit cards for the accounts at issue in envelopes with the credit card agreements, (2) he activated and used those credit cards, and (3) he did not call U.S. Bank to cancel the accounts within 30 days. U.S. Bank also claims that the account numbers for both the Platinum Visa account and the Cash Plus account changed three times each. It follows that if U.S. Bank changed the account number and issued Plaintiff a new credit card, he would not have manifested his consent to the arbitration agreement governing the new account number unless he activated and/or used the card with the new account number.

However, the account numbers U.S. Bank furnished to the credit reporting agencies as associated with the accounts which Plaintiff disputed and upon which the claims he brought in this action are based are account numbers *which he never activated* and therefore could not have used. Decl. of Plaintiff, pp. 3-5, ¶¶ 15, 20, 24.

If U.S. Bank cannot prove mutual assent as to the arbitration provisions governing the accounts which it claims are the "current" accounts, the accounts for credit cards which Plaintiff never activated, then its Motion to Compel Arbitration must be denied.

### C. Defendant Waived Its Right to Enforce the Arbitration Agreements.

A party opposing arbitration may show that the party seeking to compel arbitration has waived its right to do so by demonstrating "(1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Kersting v. UnitedHealth Group*, No. 23-CV-159 TWR (AHG), 2023 WL 4305127, at *7 (S.D. Cal. June 29, 2023) (citing *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023)). This burden is not heavy, nor is Plaintiff required to demonstrate prejudice. *Id.* (citing *Morgan v. Sundance, Inc.*, 142. S.Ct. 1708 (2023)).

This case was filed in the Superior Court of California for the County of Los Angeles on March 13, 2023. *See* Exhibit A hereto. U.S. Bank was served with the original state court Complaint on March 17, 2023. *See* Exhibit B hereto. On April 19, 2023, U.S. Bank removed this case to this Court (Dkt. No. 1). On April 21, 2023, U.S. Bank filed a Stipulation Extending its Time to Answer the Complaint (Dkt. No. 10). On April 26, 2023, U.S. Bank filed a Stipulation to Continue the Scheduling Conference (Dkt. No. 15). On May 9, 2023, U.S. Bank joined the other parties to this action in filing the Joint Report and Rule 26(f) Discovery Plan (Dkt. No. 19). On May 19, 2023, U.S. Bank participated in the Scheduling Conference before the Court. On June 9, 2023, U.S. Bank filed its Answer to Plaintiff's First Amended Complaint (Dkt. No. 33). On June 12, 2023, U.S. Bank filed its Corporate Disclosure Statement (Dkt. No. 39). It was not until June 30, 2023 that U.S. Bank filed its Motion to Compel Arbitration (Dkt. No. 40).

This case is set for trial on December 18, 2023. Discovery is set to close on October 6, 2023. *See* Dkt. No. 25. The hearing on U.S. Bank's Motion will not be until August 11, 2023. Plaintiff has already served written discovery in order to abide by the deadlines set by the Court. In this context, waiting well over 90 days after it was served with the original complaint to file is Motion to Compel Arbitration constitutes waiver. Although Plaintiff need not prove prejudice, under these circumstances it clearly exists.

Accordingly, even if the Court finds that binding arbitration agreements exist which cover Plaintiff's claims, U.S. Bank has waived its right to enforce those agreements and its Motion should be denied.

**D.     Even if There Exists a Binding Agreement to Arbitrate, It Is Unenforceable Because It Is Unconscionable.**

Under both California and Ohio law, a contract is not enforceable if it is found to be unconscionable. *Armendariz v. Found. Health Psychcare Svcs., Inc.*, 24 Cal. 4th 83, 91 (2000); *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 358 (Ohio 2008). In order for a court to find an arbitration agreement unconscionable as a whole, the court must find that the agreement is both procedurally and substantively unconscionable. *Kilgore v. KeyBank, Nat. Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (citing *Armendariz*, 24 Cal. 4th at 99); *Taylor Bldg. Corp.*, 117 Ohio St.3d at 359.

**1.     The Arbitration Agreement Is Procedurally Unconscionable Because It Is Found Within a Contract of Adhesion.**

"The procedural element of unconscionability focuses on oppression or surprise due to unequal bargaining power." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (quotation marks omitted) (quoting *Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012)). "The oppression that creates procedural unconscionability arises from an inequality of bargaining power

Case No.: 2:23-cv-02963-SB-PVC           10
**MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**

that results in no real negotiation and an absence of meaningful choice." *Id.* (internal quotation marks omitted). "Oppression can be established by showing the contract was one of adhesion or by showing from the totality of the circumstances surrounding the negotiation and formation of the contract that it was oppressive." *Id.* (same). An adhesion contract is "imposed and drafted by the party of superior bargaining strength [that] relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Id.* (same). Under Ohio law, "[i]n determining whether an arbitration agreement is procedurally unconscionable, courts consider the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, who drafted the contract, [and] whether alterations in the printed terms were possible..." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 67, 908 N.E.2d 408, 413 (Ohio 2009) (internal quotation marks and ellipses omitted).

The terms of the arbitration agreement were clearly provided to Plaintiff on a take-it-or-leave-it basis. It is obvious when viewing U.S. Bank's exhibits that, the arbitration agreement included U.S. Bank's pre-formulated terms which Plaintiff did not have a chance to negotiate. Additionally, the arbitration agreement is buried deep within the account agreements, at term number 45 in very fine print. Ex. B, E, and H to Decl. of Fossum, Dkt. No. 40-2, pp. 10, 30, and 50. This sort of agreement is the very essence of an adhesion contract "imposed and drafted by the party of superior bargaining strength [that] relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Lim*, 8 F.4th 1000. Further, "the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, who drafted the contract, [and] whether alterations in the printed terms were possible," all fall in favor of finding the arbitration agreement procedurally unconscionable. *Hayes*, 122 Ohio St.3d at 67.

Case No.: 2:23-cv-02963-SB-PVC     11
**MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**

## 2. The Arbitration Agreement is Also Substantively Unconscionable.

Substantive unconscionability is usually found where an agreement is procedurally unconscionable, and consequently, there is no ability of one party to bargain. *See Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1532 (1997) ("[A] contract is largely an allocation of risk between the parties, and therefore that a contractual terms is substantively suspect if it reallocates the risk of the bargain in an objectively unreasonable or unexpected manner."); *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1244 (2016) ("The unconscionability doctrine ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as overly harsh, unduly oppressive, . . . . or unfairly one-sided." (internal quotation marks and citations omitted)). Furthermore, "[s]ubstantive unconscionability may be shown if the disputed contract provision falls outside the nondrafting party's reasonable expectations." *Parada v. Sup. Ct.*, 176 Cal. App. 4th 1554, 1573 (2009). In Ohio, "[a]n assessment of whether a contract is substantively unconscionable involves consideration of the terms of the agreement and whether they are commercially reasonable." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 69, 908 N.E.2d 408, 414 (Ohio 2009).

One key provision in U.S. Bank's arbitration agreement renders it substantively unconscionable. Specifically, "the arbitrator may award arbitration costs and attorneys' fees to the prevailing party." Ex. B, E, and H to Decl. of Fossum, Dkt. No. 40-2, pp. 10, 30, and 50. Furthermore, U.S. Bank only agrees to pay "the first $2,500 in arbitration filing, administration, and arbitrator's fees in an arbitration you [i.e. Plaintiff] commence." Requiring Plaintiff to incur significant costs, and to be subject to a potential award of attorneys' fees, neither of which would exist in court, reallocates the risk of the bargain in an objectively unreasonable or unexpected manner. These terms are overly harsh, unduly

oppressive, and unfairly one-sided in favor of U.S. Bank.

Therefore, the arbitration agreement is both procedurally and substantively unconscionable.

## V. CONCLUSION

Given the foregoing, Plaintiff respectfully requests the Court deny Defendant's Motion in its entirety as: (1) U.S. Bank attempts to apply the arbitration agreements to claims which they do not cover; (2) Plaintiff did not mutually assent to the formation of the arbitration agreements; (3) U.S. Bank's actions in this litigation reflect a waiver of its right to enforce the arbitration agreements; and (4) the terms of the arbitration agreements are both procedurally and substantively unconscionable. To the extent the Court believes questions exist as to any facts necessary to decide Defendant's Motion, Plaintiff respectfully requests the Court set an evidentiary hearing at which Plaintiff can be available to testify.

Dated: July 21, 2023     **Law Offices of Todd M. Friedman, P.C.**

/s/ Todd M. Friedman
Todd M. Friedman
Attorney for Plaintiff

Filed electronically on this 22nd Day of July, 2023, with:

United States District Court CM/ECF system.

Notification sent electronically on this 22nd Day of July, 2023, to:

Hon. Stanley Blumenfeld, Jr.
United States District Court
Central District of California

And All Counsel of Record as Recorded On The Electronic Service List

/s/ Todd M. Friedman, Esq.
Todd M. Friedman
Case No.: 2:23-cv-02963-SB-PVC                    14
**MEMORANDUM IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND TO DISMISS**