FILED

2024 MAY 22 PM 12: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY___EEE

1  Clinton Glen Crisher _____ (Full Name)

2  terrificdistraction@gmail.com _____ (Email Address)

3  1422 N Kingsley Drive Apt 110 _____ (Address Line 1)

4  Los Angeles, CA 90027 _____ (Address Line 2)

5  323-447-2622 _____ (Phone Number)

6  Plaintiff _____ in Pro Per
   (indicate Plaintiff or Defendant)

7

8

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11  CLINTON GLEN CRISHER ,        Case No.: 2:23-cv-02963-SB-PVC

12          Plaintiff,

13      vs.                        **MEMORANDUM OF POINTS**

14  U.S. BANK NATIONAL             **AND AUTHORITIES IN SUPPORT**

15  ASSOCIATION                    **OF MOTION** TO REVERSE THE

16                                 ORDER OF DISMISSAL AND

17                            ,    MOTION TO VACATE THE PRIOR

18          Defendant(s).          ORDER TO COMPEL ARBITRATION

19

20                                 **Hearing Date:** June 28, 2024

21                                 **Hearing Time:** 8:30 AM

22                                 **Judge:** Hon. Stanley Blumenfeld, Jr.
                                             (Judge's name)
23                                 **Place:** Courtroom: 6C
                                             (courtroom number)
24

25

26

27

28

Revised: December 2015
Form Prepared by Public Counsel.
© 2011 Public Counsel. All rights reserved.

## I. INTRODUCTION

*(Include a brief statement of the facts and the procedure in the case that are relevant to this motion.)*

"A poor credit history is the "Scarlet Letter" of the 20th Century America."
136 Cong. Rec. H5325-02 (daily ed. July 23, 1999) (statement of Rep. Annunzio)
cited in Fed. Trade Comm'n v. Gill, 265 F.3d 944, 947 (9th Cir. 2001). "[T]he
[FCRA] sought to make 'consumer reporting agencies exercise their grave
responsibilities in assembling and evaluating consumers' credit, and disseminating
information about consumers' credit with fairness, impartiality, and a respect for
the consumer's right to privacy.'" Id.; and, 15 U.S.C. § 1681(a)(4); see also
Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 133 (9th Cir. 1995)
("The FCRA was the product of congressional concern over abuses in the credit
reporting industry.").

Here, Plaintiff CLINTON GLEN CRISHER ("Plaintiff") was forced to
bring this lawsuit against Defendant U.S. BANK NATIONAL ASSOCIATION
("U.S. Bank") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§
1681, et seq. ("FCRA"); California Consumer Credit Reporting Agencies Act;
California's identity theft statutes, California Civil Code §§ 1798.92-1798.97 and
California Penal Code § 530.8.

MOTION TO REMAND FROM ARBITRATION BACK TO CIVIL COURT
Code Civ. Proc. § 1281.97 states:(a)(1) In a consumer arbitration that requires,
either expressly or through application of state or federal law or the rules of the
arbitration provider, the drafting party to pay certain fees and costs before the
arbitration can proceed, if the fees or costs to initiate an arbitration proceeding
are not paid within 30 days after the due date the drafting party is in material
breach of the arbitration agreement, is in default of the arbitration, and waives its

right to compel arbitration under Section 1281.2. Defendants cannot overcome failure to timely pay by citing the FAA. The court in Gallo v. Wood Ranch USA, Inc. (2022) 81 Cal.App.5th 621 –  decided July 25, 2022 found that the found that the Federal Arbitration Act (FAA) does not preempt SB 707:"the California Legislature enacted Code of Civil Procedure sections 1281.97, 1281.98 and 1281.99. These provisions obligate a company or business who drafts an arbitration agreement to pay its share of arbitration fees by no later than 30 days after the date they are due, and specify that the failure to do so constitutes a 'material breach of the arbitration agreement' that gives the consumer ... the option of... withdrawing from arbitration and resuming the litigation in a judicial forum.

On February 29, 2024, the American Arbitration Association (AAA) sent the parties a letter confirming the rules for arbitration and seeking payment of the initial administrative fees.  Exhibit "A" AAA explained: "An arbitrator is appointed; therefore, the Case Management Fee of $1400 and an arbitrator compensation deposit of $2500 are due from the Business. An invoice is enclosed facilitate payment by the Business pursuant to California Code of Civil Procedure sections 1281.97 and 1281.98. The invoice is provided to all case participants pursuant to these statutes. Payment can be made by credit card, eCheck, wire, or check. If paying by check, please send payment via a trackable delivery service Payment from the Business is due upon receipt. As this arbitration is subject to California Code of Civil Procedure sections 1281.97 and 1281.98, payment from the Business must be paid by 30 days from the date of this letter or the AAA may close this case.  In accordance with California Code of Civil Procedure section 12(a), please note that since this date falls on a weekend or holiday, payment must be paid by April 1, 2024. Pursuant to California Code of Civil Procedure section 1281.98, the AAA cannot grant any extensions to this payment deadline

1  unless all parties agree. If the Business does not pay the required fees for this
2  arbitration by April 1, 2024, the AAA will seek direction from the Consumer
3  regarding their options under California Code of Civil Procedure section
4  1281.98. According to R-1(d) of the Consumer Arbitration Rules, should the
5  AAA decline to administer this arbitration, either party may choose to submit
6  its dispute to the appropriate court for resolution."

8  On April 2, 2024, the American Arbitration Association (AAA) sent a letter
9  confirming Nonpayment for the Case Management Fees. Exhibit "B"

11  On April 24, 2024, the American Arbitration Association sent a letter confirming
12  that the AAA had administratively closed the case due to the Business's
13  non-payment of the required fee and/or deposit. Exhibit "C"

1

## II. ARGUMENT

2

3   On May 26, 2023, Document 31 Supplement Joint Report Rule 26(f) included

4   the requested arbitration agreements for all three credit card accounts as

5   Exhibits H, F and G. After reviewing these three agreements more closely it

6   is clear these are the result of Identity Theft. Document 31-8 Exhibit H is the

7   Platinum Visa which became effective on August 16, 2022. Document 31-6

8   Exhibit F is the Altitude Go Visa which became effective on November 29,

9   2022. Document 31-7 Exhibit G is the Cash + Visa which became effective

10  on August 16, 2022. The Credit Agreement Effective Date means the date a

11  Credit Agreement was approved and is entered into and becomes effective.

12  Plaintiff never entered into valid arbitration agreements with the Defendant

13  in 2022 when the negative reporting occurred.

14

15  Here, U.S. Bank has not met its initial burden of producing a written agreement

16  to arbitrate in the form of the Card Agreements. U.S. Bank did however produce

17  compelling evidence that supports Mr. Crisher's claim of Identity Theft. The

18  Motion to Compel Arbitration and Dismiss Document 40 included Document

19  40-3 Exhibit B, E, H. Exhibit B for the Platinum Visa which became effective

20  on February 27, 2020. Exhibit H for the Altitude Go Visa which became effective

21  on September 10, 2021. Exhibit E for the Cash + Visa which became effective on

22  April 8, 2021. Both sets of Card Agreements reflect dates that are different and

23  based on the factual conflict between the authentication of the arbitration clause

24  and the consumers argument that he never opened the accounts in 2022

25  because those credit card accounts were procured by identity theft. In this case

26  Plaintiff asserted that he "never activated a credit card on the Platinum Visa

27  Account with an account number ending in -8756 and Plaintiff states that he

28  did not activate cards with two of those numbers -7176, and -6957 with the Cash

Plus account attached his declaration (Dkt. 42), wherein he explains that he never opened the accounts at issue in [this] lawsuit." See, e.g., Chester v. DirecTV, L.L.C., 607 Fed.Appx. 362, 364 (5th Cir. 2015) (holding an agreement was properly in issue when the plaintiff "unequivocally denied making it and produced an affidavit providing as such"); Barton v. Trans Union, LLC, No. 20-966, 2020 WL 2992422, at *1 (E.D. Pa. June 4, 2020) (finding that a "copy of an identity theft report" Exhibit "D" was "sufficient to create a genuine issue of fact putting the contract's formation at issue"). As such, the false claim relating to whether Plaintiff in 2022 opened the same credit cards he had closed in 2021 is impossible unless procured by identity theft. As in summary judgment, the court must draw all reasonable inferences in Plaintiff's favor and avoid making credibility determinations when weighing his evidence against U.S. Bank's. To this end, while U.S. Bank's records on the disputed accounts have not been provided, there is at this stage no evidence that Plaintiff was responsible for the claimed 2022 transactions. Further, as Plaintiff has not yet had the opportunity of discovery, it would be unfair at this point to expect production of evidence beyond Plaintiff's own word to rebut U.S. Bank's less accurate and conflicting evidence. If Plaintiff is able to prove identity theft, it would be "contrary to logic and common sense" to enforce "terms of a credit application agreement for an account that was opened by Defendant at the request of a defrauder." Maranto, 2005 WL 3369948, at *2. The FAA states that if a genuine issue concerning formation is identified, "the court shall proceed summarily to the trial thereof," and that the court may "hear and determine such issue" with a jury if the party request one. 9 U.S.C. § 4. Plaintiff requests "a Trial by Jury after both parties have had a chance to take the much needed discovery of evidence. In presenting a triable issue of conflicting facts, the court must conclude that the Defendants evidence of multiple agreements with two different sets of dates supports Plaintiffs claim that the cards opened in 2022 were fraudulently opened.

1
2

## III. CONCLUSION

3
4      For the reasons stated above, this Court should reverse the order of
5   Dismissal and vacate the order to compel arbitration because the drafting party
6   (U.S. Bank) relied on multiple conflicting card agreements for the same accounts
7   and is in material breach of the arbitration agreement, is in default of the
8   arbitration, and waives its right to compel the Plaintiff to proceed with the
9   arbitration as a result of the material breach. Plaintiff also ask the court to impose
10  sanctions to cover the Plaintiff's expert fees in accordance with Section 1281.99.
11
12
13
14                      Dated: May 21, 2024
15
16
17              Sign:   Clinton Glen Crisher
18         Print Name: Clinton Glen Crisher
19                      Plaintiff_____ in pro per
20                      (indicate Plaintiff or Defendant)
21
22
23
24
25
26
27
28

# Exhibit A



AMERICAN ARBITRATION ASSOCIATION®   |   INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

February 29, 2024

Clinton G. Crisher
1422 North Kingsley Drive
Apt 110
Los Angeles, CA 90027-5760
Via Mail – **Please provide an email**

Troutman Pepper
600 Peachtree Street, NE
Suite 3000
Atlanta, GA 30076
Via Mail/Email to: mark.windham@troutman.com

Mark J. Windham

Case Number: 01-23-0004-8093

Clinton Glen Crisher
-vs-
U.S. Bank National Association

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Leslie Steven Marks to serve as arbitrator.

In accordance with the California Arbitration Act (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

We have also enclosed the Provider Organization Disclosure dated February 15, 2024, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of February 15, 2024, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(B). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification based on the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties.  However, do not copy the arbitrator on any correspondence regarding objections to their service. Absent receipt of a notice of disqualification within the specified time, the appointment of Leslie -Steven Marks is confirmed, as indicated by the signed Oath of Arbitrator in the Notice of Appointment.

As requested by the arbitrator and specified in the Consumer Arbitration Rules, the parties and their representatives must inform the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent.  Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator, please submit your request in writing to the AAA with a copy to all parties.

An arbitrator is appointed; therefore, the Case Management Fee of $1400 and an arbitrator compensation deposit of $2500 are due from the Business. An invoice is enclosed to facilitate payment by the Business pursuant to California Code of Civil Procedure sections 1281.97 and 1281.98. The invoice is provided to all case participants pursuant to these statutes. Payment can be made by credit card, eCheck, wire, or check. If paying by check, please send payment via a trackable delivery service.

Payment from the Business is due upon receipt. As this arbitration is subject to California Code of Civil Procedure sections 1281.97 and 1281.98, payment from the Business must be paid by 30 days from the date of this letter or the AAA may close this case. In accordance with California Code of Civil Procedure section 12(a), please note that since this date falls on a weekend or holiday, payment must be paid by **April 1, 2024**. Pursuant to California Code of Civil Procedure section 1281.98, the AAA cannot grant any extensions to this payment deadline unless all parties agree.

If the Business does not pay the required fees for this arbitration by **April 1, 2024**, the AAA will seek direction from the Consumer regarding their options under California Code of Civil Procedure section 1281.98. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

A Preliminary Management Hearing will be scheduled after payment is received.

A copy of this correspondence has been provided to the arbitrator.

Sincerely,
/s/
AAA Case Administrator 14
Case Administrator
Email: Admin14@adr.org

Supervisor Information:        AAA Case Manager 2, manager2@adr.org
Enclosures

cc:    Allison Ordoñez
       Alexandria Pritchett

# Exhibit B



P.O. Box 19609
Johnston, RI 02919

April 2, 2024

Clinton G. Crisher                          Mark J. Windham
1422 North Kingsley Drive                   Troutman Pepper
Apt 110                                     600 Peachtree Street, NE
Los Angeles, CA 90027-5760                  Suite 3000
Via Mail                                    Atlanta, GA 30076
9489 0090 0027 6215 9446 23                 Via Email to: mark.windham@troutman.com

Case Number: 01-23-0004-8093

Clinton Glen Crisher
-vs-
U.S. Bank National Association

Dear Parties:

This confirms that the American Arbitration Association (AAA) has not received payment for the Case Management Fee and/or arbitrator compensation deposit requested and invoiced in our letter dated February 29, 2024.  Pursuant to California Code of Civil Procedure section 1281.98, the AAA requests the Consumer review the statute and provide written response regarding how they wish to proceed.  Please respond on or before **April 5, 2024.**

If there is an agreement to extend the payment deadline, please confirm in writing by the response date and advise us of the agreed-upon deadline. We will then inform the arbitrator of the parties' agreement and the new payment deadline date.

This case may still be subject to Consumer Arbitration Rule R-54, Remedies for Nonpayment, if the deposits have not been paid in full.

A copy of this correspondence has been provided to the arbitrator.

Sincerely,
/s/
AAA Case Administrator 14
Case Administrator
Email: Admin14@adr.org
Supervisor Information:          AAA Case Manager 2, manager2@adr.org

cc:    Allison Ordoñez
       Alexandria Pritchett

# Exhibit C



AMERICAN
ARBITRATION
ASSOCIATION®   |   INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

April 24, 2024

Clinton G. Crisher
1422 North Kingsley Drive
Apt 110
Los Angeles, CA 90027-5760
Via Mail: terrificdistraction@gmail.com

Mark J. Windham
Troutman Pepper
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30076
Via Email to: mark.windham@troutman.com

Case Number: 01-23-0004-8093

Clinton Glen Crisher
-vs-
U.S. Bank National Association

Dear Parties:

This confirms the Business has not paid the Case Management Fee and arbitrator compensation deposit by the deadline provided in the American Arbitration Association's (AAA) letter dated February 29, 2024. The Consumer has requested to withdraw their claim in accordance with California Code of Civil Procedure section 1281.98. Therefore, on April 3, 2024, the AAA has administratively closed this case due to the Business's non-payment of this fee and/or deposit. According to R-1(d) of the Consumer Arbitration Rules, now that the AAA declines to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

 Please note that the AAA WebFile® ECF Guidelines will not apply after the closing of the case. Therefore, any additional submissions from the parties in this matter should be submitted via email to the AAA, with copies sent to all other parties.

We thank Arbitrator Marks, who is receiving a copy of this correspondence, for serving on this matter.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case, documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the stated closing date.

Thank you for selecting AAA as your alternative dispute resolution provider.

Sincerely,
/s/
AAA Case Administrator 14
Case Administrator
Email: Admin14@adr.org
Supervisor Information:       AAA Case Manager 2, manager2@adr.org

cc:   Allison Ordoñez
      Alexandria Pritchett

# Exhibit D

December 9, 2021

Clinton Glen Crisher

████████████████████████

Los Angeles, CA 90027


U.S. Bank National Association
Consumer Recovery Department
Attn: CBR Disputes
PO Box 108
St Louis, MO 63166-0108

RE: Request for Records Pursuant to Section 609(e) of the Fair Credit Reporting Act

U.S. Bank Cash + # 4037 8401 2659 ████
U.S. Bank Platinum # 4037 8401 2556 ████
U.S. Bank Altitude Go # 4094 5100 0507 ████

Dear Sir or Madam:

I'm a victim of identity theft. In accordance with section 609(e) of the Fair Credit Reporting Act, 15 U.S.C. § 16819(e), I am requesting that you provide me copies of business records relating to all account transactions identified above. The law directs that you provide these documents at no charge, and without requiring a subpoena, within thirty (30) days of your receipt of this request. Enclosed with this request is the following documentation, as applicable:

This letter is proof of my claim of identity theft and was sent using Certified Mail with tracking and delivery confirmation. I also included a copy of the Los Angeles Police Report #: 160210581, A copy of my driver's license and a FTC Identity Theft Report #: 143712713.

Please provide all records relating to the listed accounts, including:

- Application records
- screen prints of internet/phone applications
- Statements/invoices
- Payment/charge slips

- Investigator's summary
- Delivery addresses
- All records of phone numbers used to activate or access the account
- Any other documents associated with the account

Please send these records to me at the above address. If you have any questions concerning this request, please contact me at the above address or at 323█████████

Sincerely,

Clinton Glen Crisher

Name Clinton Glen Crisher   Phone number 323-949-4982   *Page 1*

# ID Theft Affidavit

**Victim Information**

(1) My full legal name is ___Clinton___ ___Glen___ ___Crisher___ ___
          (First)        (Middle)      (Last)      (Jr., Sr., III)

(2) (If different from above) When the events described in this affidavit took place, I was known as

___
  (First)      (Middle)      (Last)      (Jr., Sr., III)

(3) My date of birth is ___23/01/23___
          (day/month/year)

(4) My Social Security number is ___ ██████████

(5) My driver's license or identification card state and number are ___ ██████

(6) My current address is ___ ██████████

City ___Los Angeles___   State ___CA___   Zip Code ___90027___

(7) I have lived at this address since ___November 2017___
          (month/year)

(8) (If different from above) When the events described in this affidavit took place, my address was

___

City ___   State ___   Zip Code ___

(9) I lived at the address in Item 8 from _____ until _____
         (month/year)    (month/year)

(10) My daytime telephone number is ( 323 ) 949-4982 ___

My evening telephone number is (323 ) 949-4982 ___

## DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

| Name | Clinton Glen Crisher | Phone number | 323-949-4982 | Page 2 |
|------|---------------------|--------------|--------------|--------|

## How the Fraud Occurred

**Check all that apply for items 11 - 17:**

(11) ✓ I did not authorize anyone to use my name or personal information to seek the money, credit, loans, goods or services described in this report.

(12) ✓ I did not receive any benefit, money, goods or services as a result of the events described in this report.

(13) My identification documents (for example, credit cards; birth certificate; driver's license; Social Security card; etc.) were ____ stolen ____ lost on or about _____ (day/month/year)

(14) To the best of my knowledge and belief, the following person(s) used my information (for example, my name, address, date of birth, existing account numbers, Social Security number, mother's maiden name, etc.) or identification documents to get money, credit, loans, goods or services without my knowledge or authorization:

| Name (if known) | Name (if known) |
|-----------------|-----------------|
| Address (if known) | Address (if known) |
| Phone number(s) (if known) | Phone number(s) (if known) |
| Additional information (if known) | Additional information (if known) |

(15) ✓ I do NOT know who used my information or identification documents to get money, credit, loans, goods or services without my knowledge or authorization.

(16) Additional comments: (For example, description of the fraud, which documents or information were used or how the identity thief gained access to your information.)

My Spectrum home network was hacked and all devices have been going to websites I thought were safe. Such as your online bank, eBay, PayPal, were all redirected without me knowing to sites operated by the malware or hacker. DNS hijacking was used to change the content on every webpage I visted and earn money for the perpetrators. I'm still under attack now with AT&T who will not help fix the problem.

(Attach additional pages as necessary.)

## DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

Name     Clinton Glen Crisher       *Phone number*   323-949-4982      *Page 3*

## Victim's Law Enforcement Actions

(17) (check one) I   am ✓   am not   willing to assist in the prosecution of the person(s) who committed this fraud.

(18) (check one) I   am ✓   am not   authorizing the release of this information to law enforcement for the purpose of assisting them in the investigation and prosecution of the person(s) who committed this fraud.

(19) (check all that apply) I   have ✓   have not   reported the events described in this affidavit to the police or other law enforcement agency. The police ✓ did   did not   write a report. *In the event you have contacted the police or other law enforcement agency, please complete the following:*

| | |
|---|---|
| LAPD Rampart Division | Sgt. David Dueñas |
| **(Agency #1)** <br> 5/11/2016 | (Officer/Agency personnel taking report) <br> 160210581 |
| (Date of report) <br> 213-484-3400 | (Report number, if any) <br> 33690@lapd.online |
| (Phone number) | (email address, if any) |
| | |
| **(Agency #2)** | (Officer/Agency personnel taking report) |
| (Date of report) | (Report number, if any) |
| (Phone number) | (email address, if any) |

## Documentation Checklist

Please indicate the supporting documentation you are able to provide to the companies you plan to notify. Attach copies (NOT originals) to the affidavit before sending it to the companies.

(20) ✓ A copy of a valid government-issued photo-identification card (for example, your driver's license, state-issued ID card or your passport). If you are under 16 and don't have a photo-ID, you may submit a copy of your birth certificate or a copy of your official school records showing your enrollment and place of residence.

(21) ✓ Proof of residency during the time the disputed bill occurred, the loan was made or the other event took place (for example, a rental/lease agreement in your name, a copy of a utility bill or a copy of an insurance bill).

# DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

Name   Clinton Glen Crisher _____   Phone number   323-_____   Page 4

(22)   A copy of the report you filed with the police or sheriff's department. If you are unable to obtain a report or report number from the police, please indicate that in Item 19. Some companies only need the report number, not a copy of the report. You may want to check with each company.

Signature

I declare under penalty of perjury that the information I have provided in this affidavit is true and correct to the best of my knowledge.

_____   12/9/2021
(signature)                                        (date signed)

**Knowingly submitting false information on this form could subject you to criminal prosecution for perjury.**

_____
(Notary)

**Witness:**

_____   _____
(signature)                                        (printed name)

_____   _____
(date)                                               (telephone number)

## DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California            )

County of _Los Angeles_      )

On ___12/9/21___ before me, _Gabriel King, Notary Public_
      *Date*               *Here Insert Name and Title of the Officer*

personally appeared _Clinton Glen Crosher_
                   *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

GABRIEL KIM
Notary Public - California
Los Angeles County
Commission # 2275604
My Comm. Expires Jan 20, 2023

Signature _____
            *Signature of Notary Public*

*Place Notary Seal Above*

———————————————— OPTIONAL ————————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _ID Theft Affidavit_
Document Date: _NA_ _____ Number of Pages: _&5_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Clinton Glen Crosher_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☑ Individual      ☐ Attorney in Fact
☐ Trustee       ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee       ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

Page 1 of 3

03.01.00 (01/15)

**Los Angeles Police Department**
**INVESTIGATIVE REPORT**

UCR CODE
CC: 562

☐ COMBINED EVID. REPORT
☐ MULTIPLE DRs ON THIS REPORT

REPORT OF: IDENTITY THEFT

INVEST DIV | INC #
CCD | 160511 000 247516 0210581
DR #

**CASE SCREENING FACTOR(S)**

☐ SUSPECT/VEHICLE NOT SEEN
☐ PRINTS OR OTHER EVIDENCE NOT PRESENT
☐ NO DISTRICT
☐ PROPERTY LOSS LESS THAN $5,000
☐ NO SERIOUS INJURY TO VICTIM
☐ ONLY ONE VICTIM INVOLVED

**VICTIM**

LAST NAME, FIRST, MIDDLE (OR NAME OF BUSINESS)
CRISHER CLINTON G

| SEX | DESC | HT | WT | AGE | DR # |
|---|---|---|---|---|---|
| m | WHT/601 | 196 | 42 | 1/23/1973 | |

ADDRESS: 646 N JUANITA Ave # 202   90004   ZIP   PHONE   ☒

B: 1280 N LAUREL AVE WEST HLD 90046

PREMISES (SPECIFIC TYPE) ☐ ATM
RESIDENCE

E-MAIL ADDRESS

CELL PHONE 323-839/289

DR. LIC. NO. (IF NONE, OTHER ID & NO.) | FOREIGN LANGUAGE SPOKEN | OCCUPATION EVENT PLANNING

**ENTRY** POINT OF ENTRY | POINT OF EXIT | LOCATION OF OCCURRENCE | SAME AS V'S ☐ RES. ☐ BUS. | R.D. | PRINTS BY PREL. INV

☐ FRONT
☐ REAR
☐ SIDE
☒ ROOF   METHOD
☐ FLOOR   INSTRUMENT/TOOL USED
☐ OTHER

DATE & TIME OF OCCURRENCE
01/01/2015

DATE & TIME REPORTED TO PD
5/11/2016

TYPE PROPERTY STOLEN/LOST/DAMAGED: VICTIM'S IDENTITY

| STOLEN/LOST | RECOVERED | EST. DAMAGE |
|---|---|---|
| $ | $ | $ |

VICT'S VEH. (IF INVOLVED) YEAR, MAKE, TYPE, COLOR, LIC. NO. | NOTIFICATION(S) (PERSON & DIVISION) | CONNECTED REPORT(S) (TYPE & DR #)

**MO** IF LONG FORM, LIST UNIQUE ACTIONS. IF SHORT FORM, DESCRIBE SUSPECT'S ACTIONS IN BRIEF PHRASES, INCLUDING WEAPON USED. DO NOT REPEAT ABOVE INFO BUT CLARIFY REPORT AS NECESSARY. IF ANY OF THE MISSING ITEMS ARE POTENTIALLY IDENTIFIABLE, ITEMIZE AND DESCRIBE ALL ITEMS MISSING IN THIS INCIDENT IN THE NARRATIVE.

UNK SUSPS ILLEGALLY OBTAINED VICT'S PERSONAL INFO & OPENED
ITEMS ONLINE. VICT IS NOW RECEIVING BILLS & COLLECTION NOTICES

☐ MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM | ☐ MOTIVATED BY HATRED/PREJUDICE | ☐ DOMESTIC VIOLENCE

**REPORTING EMPLOYEE(S)**

| INITIALS, LAST NAME | SERIAL NO. | DIV./DETAIL | PERSON REPORTING | SIGNATURE | ☐ OR RECEIVED BY PHONE |
|---|---|---|---|---|---|
| DD DUENAS | 34853 | Ramp / DSV | | | |

NOTE: IF SHORT FORM AND VICTIM/PR ARE NOT THE SAME, ENTER PR INFORMATION IN INVOLVED PERSONS SECTION.

Complete below sections if any CASE SCREENING FACTOR(S) boxes are not checked.

**SUSPS VEHICLE**

| YEAR | MAKE | MODEL | TYPE | INTERIOR | EXTERIOR | BODY | WINDOWS |
|---|---|---|---|---|---|---|---|

COLOR(S) | VEH. LIC. NO. | STATE

INTERIOR COLOR:
☐ 1 BUCKET SEATS
☐ 2 DAMAGED INSIDE

EXTERIOR:
☐ 1 CUSTOM WHEELS
☐ 2 PAINTED/INSCRIPT
☐ 3 LEVEL ALTERED
☐ 4 RUST/PRIMER
☐ 5 CUSTOM PAINT
☐ 6 VINYL TOP

BODY:
☐ 1 DAMAGE   ☐ 5 FRONT
☐ 2 MODIFIED   ☐ 6 FRONT
☐ 3 STICKER   ☐ 7 REAR
☐ 4 LEFT

WINDOWS:
☐ 1 DAMAGE   ☐ 5 RIGHT
☐ 2 DUST   ☐ 6 FRONT
☐ 3 CURTAINS   ☐ 7 REAR
☐ 4 LEFT

**S-1**

| SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | AGE | CLOTHING | NAME, ADDRESS, DOB, IF KNOWN; NAME, BKG. NO., CHARGE, IF ARRESTED. |
|---|---|---|---|---|---|---|---|---|

PERSONAL ODDITIES (UNUSUAL FEATURES, SCARS, TATTOOS, ETC.) | WEAPON | (VERBAL THREATS, BODILY FORCE, SIMULATED GUN, ETC. IF KNIFE OR GUN, DESCRIBE FULLY.)

**S-2**

| SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | AGE | CLOTHING | NAME, ADDRESS, DOB, IF KNOWN; NAME, BKG. NO., CHARGE, IF ARRESTED. |
|---|---|---|---|---|---|---|---|---|

PERSONAL ODDITIES (UNUSUAL FEATURES, SCARS, TATTOOS, ETC.) | WEAPON | (VERBAL THREATS, BODILY FORCE, SIMULATED GUN, ETC. IF KNIFE OR GUN, DESCRIBE FULLY.)

**INVOLVED PERSON(S)**   W - WITNESS;   R - PERSON RPTG.;   S - PERSON SECURING (459);   D - PERSON DISCOVERING (459);   P - PARENT;
CP - CONTACT PERSON (DOMESTIC VIOLENCE)

| NAME | SEX | DESC | DOB | ADDRESS | CITY | ZIP | PHONE |
|---|---|---|---|---|---|---|---|
| | | | | R - | | | |

DR. LIC. NO. (IF NONE, LIST OTHER ID & NO. ) | FOREIGN LANGUAGE SPOKEN | B -

E-MAIL ADDRESS | CELL PHONE

| NAME | SEX | DESC | DOB | ADDRESS | CITY | ZIP | PHONE |
|---|---|---|---|---|---|---|---|
| | | | | R - | | | |

DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.) | FOREIGN LANGUAGE SPOKEN | B -

E-MAIL ADDRESS | CELL PHONE

| NAME | SEX | DESC | DOB | ADDRESS | CITY | ZIP | PHONE |
|---|---|---|---|---|---|---|---|
| | | | | R - | | | |

DR. LIC. NO. (IF NONE, LIST OTHER ID & NO. ) | FOREIGN LANGUAGE SPOKEN | B -

E-MAIL ADDRESS | CELL PHONE

**COMBINED EVID. RPT.** USE THIS SECTION IN LIEU OF PROPERTY REPORT IF NO GUN AND NO MORE THAN THREE ITEMS OF EVIDENCE.

LOC. EVID. SKD. | 10.10.00 GIVEN ☐ | Preliminary Drug Test | SUPV./INV. OFCR. TESTING SERIAL NO. | WITNESS OFCR. SERIAL NO.
☐ Y   ☐ N

| ITEM | QUAN. | ARTICLE | SERIAL NO./TYPE TEST OF DRUG | BRAND/DRUG WEIGHT, UNITS | MODEL NO./ DRUG TEST RESULT | MISC. |
|---|---|---|---|---|---|---|

**NARRATIVE** USE THE FOLLOWING HEADINGS TO DOCUMENT ALL INFORMATION REGARDING THE INVESTIGATION: ADDITIONAL PERSONS INVOLVED (separated by type); SOURCE OF ACTIVITY; INVESTIGATION; ARREST; INJURY/MEDICAL TREATMENT; PHOTOS, RECORDINGS, VIDEOS, DICV AND DIGITAL IMAGING; BOOKING; EVIDENCE; CANVASSING; ADDITIONAL; COLLISION SUMMARY; PROPERTY STOLEN/LOST/RECOVERED/DAMAGED; AND COURT INFORMATION. NOTE: ANY OF THESE HEADINGS MAY BE OMITTED IF NOT APPLICABLE. SEE FIELD NOTEBOOK DIVIDER - GENERAL REPORTING INSTRUCTIONS, FORM 18.30.00 AND FIELD NOTEBOOK DIVIDER - IR, FORM 18.30.01 FOR FURTHER INFO.

**VICTIM INDEMNIFICATION INFORMATION (IF APPLICABLE)**

IS ANY OF THE VICTIM'S PROPERTY MARKED WITH AN OWNER APPLIED IDENTIFICATION NUMBER? YES ☐   NO ☐
IF YES, EXPLAIN IN NARRATIVE.

**APPROVAL AND REVIEW**

| SUPERVISOR APPROVING | SERIAL NO. | DIVISION | DETECTIVE SUPERVISOR REVIEWING | SERIAL NO. |
|---|---|---|---|---|
| | 25725 | RAMPART | | |

DATE & TIME REPRODUCED 05-11-16 | CLERK 1825 | DIVISION 02 | | CATEGORY

All furnishers of consumer reports must comply with all applicable regulations, including regulations promulgated after this notice was first prescribed in 2004. Information about applicable regulations currently in effect can be found at the Consumer Financial Protection Bureau's website, **consumerfinance.gov/learnmore**.

# NOTICE TO FURNISHERS OF INFORMATION:
# OBLIGATIONS OF FURNISHERS UNDER THE FCRA

The federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681-1681y, imposes responsibilities on all persons who furnish information to consumer reporting agencies (CRAs). These responsibilities are found in Section 623 of the FCRA, 15 U.S.C. § 1681s-2. State law may impose additional requirements on furnishers. All furnishers of information to CRAs should become familiar with the applicable laws and may want to consult with their counsel to ensure that they are in compliance. The text of the FCRA is set forth in full at the Bureau of Consumer Financial Protection's website at **consumerfinance.gov/learnmore**. A list of the sections of the FCRA cross-referenced to the U.S. Code is at the end of this document.

Section 623 imposes the following duties:

**Accuracy Guidelines**
The banking and credit union regulators and the CFPB will promulgate guidelines and regulations dealing with the accuracy of information provided to CRAs by furnishers. The regulations and guidelines issued by the CFPB will be available at **consumerfinance.gov/learnmore** when they are issued. Section 623(e).

**General Prohibition on Reporting Inaccurate Information**
The FCRA prohibits information furnishers from providing information to a CRA that they know or have reasonable cause to believe is inaccurate. However, the furnisher is not subject to this general prohibition if it clearly and conspicuously specifies an address to which consumers may write to notify the furnisher that certain information is inaccurate. Sections 623(a)(1)(A) and (a)(1)(C).

**Duty to Correct and Update Information**
If at any time a person who regularly and in the ordinary course of business furnishes information to one or more CRAs determines that the information provided is not complete or accurate, the furnisher must promptly provide complete and accurate information to the CRA. In addition, the furnisher must notify all CRAs that received the information of any corrections, and must thereafter report only the complete and accurate information. Section 623(a)(2).

**Duties After Notice of Dispute from Consumer**
If a consumer notifies a furnisher, at an address specified by the furnisher for such notices, that specific information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to CRAs. Section 623(a)(1)(B).

If a consumer notifies a furnisher that the consumer disputes the completeness or accuracy of any information reported by the furnisher, the furnisher may not subsequently report that information to a CRA without providing notice of the dispute. Section 623(a)(3).

The federal banking and credit union regulators and the CFPB will issue regulations that will identify when an information furnisher must investigate a dispute made directly to the furnisher by a consumer. Once these regulations are issued, furnishers must comply with them and complete an investigation within 30 days (or 45 days, if the consumer later provides relevant additional information) unless the dispute is frivolous or irrelevant or comes from a "credit repair organization." The CFPB regulations will be available at **consumerfinance.gov**. Section 623(a)(8).

**Duties After Notice of Dispute from Consumer Reporting Agency**
If a CRA notifies a furnisher that a consumer disputes the completeness or accuracy of information provided by the furnisher, the furnisher has a duty to follow certain procedures. The furnisher must:

- Conduct an investigation and review all relevant information provided by the CRA, including information given to the CRA by the consumer. Sections 623(b)(1)(A) and (b)(1)(B).
- Report the results to the CRA that referred the dispute, and, if the investigation establishes that the information was, in fact, incomplete or inaccurate, report the results to all CRAs to which the furnisher provided the information that compile and maintain files on a nationwide basis. Sections 623(b)(1)(C) and (b)(1)(D).
- Complete the above steps within 30 days from the date the CRA receives the dispute (or 45 days, if the consumer later provides relevant information to the CRA). Section 623(b)(2).
- Promptly modify or delete the information, or block its reporting. Section 623(b)(1)(E).

### Duty to Report Voluntary Closing of Credit Accounts

If a consumer voluntarily closes a credit account, any person who regularly and in the ordinary course of business furnishes information to one or more CRAs must report this fact when it provides information to CRAs for the time period in which the account was closed. Section 623(a)(4).

### Duty to Report Dates of Delinquencies

If a furnisher reports information concerning a delinquent account placed for collection, charged to profit or loss, or subject to any similar action, the furnisher must, within 90 days after reporting the information, provide the CRA with the month and the year of the commencement of the delinquency that immediately preceded the action, so that the agency will know how long to keep the information in the consumer's file. Section 623(a)(5).

Any person, such as a debt collector, that has acquired or is responsible for collecting delinquent accounts and that reports information to CRAs may comply with the requirements of Section 623(a)(5) (until there is a consumer dispute) by reporting the same delinquency date previously reported by the creditor. If the creditor did not report this date, they may comply with the FCRA by establishing reasonable procedures to obtain and report delinquency dates, or, if a delinquency date cannot be reasonably obtained, by following reasonable procedures to ensure that the date reported precedes the date when the account was placed for collection, charged to profit or loss, or subjected to any similar action. Section 623(a)(5).

### Duties of Financial Institutions When Reporting Negative Information

Financial institutions that furnish information to "nationwide" consumer reporting agencies, as defined in Section 603(p), must notify consumers in writing if they may furnish or have furnished negative information to a CRA. Section 623(a)(7). The Consumer Financial Protection Bureau has prescribed model disclosures, 12 CFR Part 1022, App. B.

### Duties When Furnishing Medical Information

A furnisher whose primary business is providing medical services, products, or devices (and such furnisher's agents or assignees) is a medical information furnisher for the purposes of the FCRA and must notify all CRAs to which it reports of this fact. Section 623(a)(9). This notice will enable CRAs to comply with their duties under Section 604(g) when reporting medical information.

### Duties when ID Theft Occurs

All furnishers must have in place reasonable procedures to respond to notifications from CRAs that information furnished is the result of identity theft, and to prevent refurnishing the information in the future. A furnisher may not furnish information that a consumer has identified as resulting from identity theft unless the furnisher subsequently knows or is informed by the consumer that the information is correct. Section 623(a)(6). If a furnisher learns that it has furnished inaccurate information due to identity theft, it must notify each consumer reporting agency of the correct information and must thereafter report only complete and accurate information. Section 623(a)(2). When any furnisher of information is notified pursuant to the procedures set forth in Section 605B that a debt has resulted from identity theft, the furnisher may not sell, transfer, or place for collection the debt except in certain limited circumstances. Section 615(f).

The Consumer Financial Protection Bureau website, **consumerfinance.gov/learnmore**, has more information about the FCRA.

### Citations for FCRA sections in the U.S. Code, 15 U.S.C. § 1681 et seq.:

| | | | |
|---|---|---|---|
| Section 603 | 15 U.S.C. 1681 | Section 615 | 15 U.S.C. 1681m |
| Section 604 | 15 U.S.C. 1681a | Section 616 | 15 U.S.C. 1681n |
| Section 605 | 15 U.S.C. 1681b | Section 617 | 15 U.S.C. 1681o |
| Section 605A | 15 U.S.C. 1681c | Section 618 | 15 U.S.C. 1681p |
| Section 605B | 15 U.S.C. 1681c-1 | Section 619 | 15 U.S.C. 1681q |
| Section 606 | 15 U.S.C. 1681c-2 | Section 620 | 15 U.S.C. 1681r |
| Section 607 | 15 U.S.C. 1681d | Section 621 | 15 U.S.C. 1681s |
| Section 608 | 15 U.S.C. 1681e | Section 622 | 15 U.S.C. 1681s-1 |
| Section 609 | 15 U.S.C. 1681f | Section 623 | 15 U.S.C. 1681s-2 |
| Section 610 | 15 U.S.C. 1681g | Section 624 | 15 U.S.C. 1681t |
| Section 611 | 15 U.S.C. 1681h | Section 625 | 15 U.S.C. 1681u |
| Section 612 | 15 U.S.C. 1681i | Section 626 | 15 U.S.C. 1681v |
| Section 613 | 15 U.S.C. 1681j | Section 627 | 15 U.S.C. 1681w |
| Section 614 | 15 U.S.C. 1681k | Section 628 | 15 U.S.C. 1681x |
| | 15 U.S.C. 1681l | Section 629 | 15 U.S.C. 1681y |

# MEMO FROM FTC TO LAW ENFORCEMENT

**To:**    Law Enforcement Officer

**From:**  Division of Privacy and Identity Protection
          The Federal Trade Commission

**Re:**    **Importance of Identity Theft Report**

The purpose of this memorandum is to explain what an "Identity Theft Report" is, and its importance to identity theft victims in helping them to recover. A police report that contains specific details of an identity theft is considered an "Identity Theft Report" under section 605B of the Fair Credit Reporting Act (FCRA), and it entitles an identity theft victim to certain important protections that can help him or her recover more quickly from identity theft.

Specifically, under sections 605B, 615(f) and 623(a)(6) of the FCRA, an Identity Theft Report can be used to permanently block fraudulent information that results from identity theft, such as accounts or addresses, from appearing on a victim's credit report. It will also make sure these debts do not reappear on the credit reports. Identity Theft Reports can prevent a company from continuing to collect debts that result from identity theft, or selling them to others for collection. An Identity Theft Report is also needed to allow an identity theft victim to place an extended fraud alert on his or her credit report.

In order for a police report to be incorporated in an Identity Theft Report, and therefore entitle an identity theft victim to the protections discussed above, the police report must contain details about the accounts and inaccurate information that resulted from the identity theft. We advise victims to bring a printed copy of their ID Theft Complaint filed with the FTC with them to the police station in order to better assist you in creating a detailed police report so that these victims can access the important protections available to them if they have an Identity Theft Report. The victim should sign the ID Theft Complaint in your presence. If possible, you should attach or incorporate the ID Theft Complaint into the police report, and sign the "Law Enforcement Report Information" section of the FTC's ID Theft Complaint. In addition, please provide the identity theft victim with a copy of the Identity Theft Report (the police report with the victim's ID Theft Complaint attached or incorporated) to permit the victim to dispute the fraudulent accounts and debts created by the identity thief.

For additional information on Identity Theft Reports or identity theft, please visit www.ftc.gov/idtheft.

 **AT&T**

CLINTON CRISHER
~~████████~~
LOS ANGELES CA 90027-5760

Page: 1 of 3
Issue Date: Nov 25, 2021
Account Number: 315540605



ce of paperless billing? Enroll at

whenever you want. Go to

go? It's a snap with myAT&T. Go to

Total due

# $110.74

Due immediately: $48.82
Due Dec 17, 2021: $61.92

## Account summary

Your last bill $48.82

Past due - please pay immediately $48.82

## Service summary

| | | | |
|---|---|---|---|
| Account charges | Page 2 | $10.03 | |
| | | Last bill $0.00, Difference −$10.03 | < Late payment fee |
| Internet | Page 2 | $10.00 | |
| | | Last bill $10.00 | |
| Phone | Page 2 | $41.89 | |
| | | Last bill $38.82, Difference +$3.07 | < Service changes  Monthly charges |

Total services - due Dec 17, 2021 $61.92

Total due $110.74

What's changed?

Ways to pay and manage your account:

myAT&T app
iPhone and Android

att.com/pay

800.288.2020
TTY: 800.651.5111

