1
2
3
4
5

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone:  415.477.5762
Facsimile:    415.477.5710

6
7
8
9
10

Alexandria Pritchett (SBN 340626)
alexandria.pritchett@troutman.com
11682 El Camino Real, Suite 400
San Diego, California 92130-2092
Telephone:  858.509.6000
Facsimile:    858.509.6040

11
12

*Attorneys for Defendant*
U.S. Bank, National Association

13
14
15
16

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION—LOS ANGELES

17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| CLINTON GLEN CRISHER,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-CV-02963-SB-PVC<br><br>**DEFENDANT U.S. BANK, NATIONAL ASSOCIATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REVERSE AND VACATE**<br><br>Hearing Date: June 28, 2024<br>Time: 8:30 AM<br>Courtroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr. |

- 1 -

172284884v1 038730.000254

Defendant U.S. Bank, National Association, opposes plaintiff Clinton Glen Crisher's motion to reverse and vacate this Court's order dated August 22, 2023, which had granted U.S. Bank's motion to compel arbitration and dismiss the case (hereinafter the "Arbitration Order"). *See* ECF 68 (Crisher's motion); ECF 53 (Arbitration Order); ECF 40 (U.S. Bank's motion to compel arbitration).

Following this Court's issuance of the Arbitration Order, this dispute proceeded before the American Arbitration Association ("AAA"). However, due to a typo in AAA's invoice concerning the amounts due, U.S. Bank did not pay the full required AAA fees (totaling $3900) within 30 days of their due date. Although U.S. Bank sought to pay the fees as soon as the mistake became known, AAA dismissed the entire arbitration pursuant to California Code of Civil Procedure §§ 1281.7 and 1281.98.

These draconian new state statutes, which went into effect on January 1, 2022, have proved controversial from their inception. As detailed below, several judges and justices in California—both state and federal—have concluded that the statutes are preempted by the Federal Arbitration Act because they "single[ ] out arbitration agreements for disfavored treatment." *Kindred Nursing Ctrs. L.P. v. Clark*, 581 U.S. 246, 248 (2017). This Court should reach the same conclusion and, on that basis, should deny Crisher's motion and decline to re-open this dismissed case.

## I.     FACTUAL AND PROCEDURAL HISTORY

In March 2023, Crisher filed a complaint against U.S. Bancorp (the publicly traded parent company of U.S. Bank) and other defendants in Los Angeles Superior Court. ECF 1-1. U.S. Bancorp removed the case to this Court in April 2023. ECF 1.

A little over a month later, Crisher filed a First Amended Complaint ("FAC"), this time naming U.S. Bank rather than U.S. Bancorp, as well as other defendants. ECF 30.

The FAC alleged four claims against U.S. Bank: (1) violation of unspecified

U.S. Bank's Opposition to Motion to Reverse
Case No. 2:23-cv-02963-SB-PVC

172284884v1 038730.000254

portions of the Fair Credit Reporting Act, 15 U.S.C §§ 1681–1681x; (2) violation of Cal. Civ. Code § 1785.25(a), a section of the California Consumer Credit Reporting Agencies Act; (3) identity theft, in violation of Cal. Civ. Code § 1798.92; and (4) failure to produce records upon request, in violation of California Penal Code § 530.8. FAC at ¶¶ 40–54. Crisher's claims against U.S. Bank are all based on his assertion that U.S. Bank improperly handled credit reporting disputes that Crisher submitted to the three national credit reporting agencies in relation to his three accounts with U.S. Bank. FAC at ¶¶ 13–39.

In June 2023, U.S. Bank moved to compel arbitration. ECF 40. U.S. Bank argued that Crisher's accounts were all governed by card agreements containing mandatory arbitration provisions. *Id.* at 1. This Court issued the Arbitration Order in August 2023, granting U.S. Bank's motion and dismissing Crisher's claims without prejudice. ECF 53 at 8.

The dispute between Crisher and U.S. Bank then proceeded before AAA. Declaration of Elizabeth Holt Andrews, dated June 7, 2024 ("Andrews Decl."), ¶ 5. On February 29, 2024, AAA sent the parties a letter (the "February 29 Letter") that included an invoice for U.S. Bank to pay. *Id.* at ¶¶ 6–7, Exhs. A & B. The February 29 Letter stated that "Payment from the Business [i.e. U.S. Bank] is due upon receipt." *Id.*, Exh. A. The letter identified a "Case Management Fee" of $1,400 and an "arbitrator compensation deposit" of $2,500 as being due. *Id.*

However, the enclosed invoice identified only the "Case Management Fee" of $1,400 and a "Miscellaneous Fee" of $250, for a total of $1,650. *Id.*, Exh. B.

The February 29 Letter also stated as follows:

> As this arbitration is subject to California Code of Civil Procedure sections 1281.97 and 1281.98, payment from the Business must be paid by 30 days from the date of this letter or the AAA may close this case. In accordance with California Code of Civil Procedure section 12(a), please note that since this date falls on a weekend or holiday, payment must be paid by April 1, 2024. Pursuant to California Code of Civil Procedure section 1281.98, the AAA cannot grant any extensions to this payment

deadline unless all parties agree.

*Id.*

The discrepancy between the $3,900 total set forth in the February 29 Letter and the $1,650 total stated in the accompanying invoice created confusion internally at the law firm of U.S. Bank's outside counsel as to the amount to be paid, and ultimately payment was requested from outside counsel's accounting department for only the invoiced amount of $1,650, rather than the $3,900 stated in the letter. Andrews Decl. at ¶ 8. The invoice was submitted to the accounting department for payment on March 14, 2024, and a check for $1,650, bearing check number 799908, was issued and mailed. *Id.* at ¶ 9 & Exh. C.

On April 2, 2024, AAA sent another letter to the parties, advising that it had not received payment on the invoice (the "April 2 Letter"). *Id.* ¶ 10 & Exh. D.  The April 2 Letter went on: "Pursuant to California Code of Civil Procedure section 1281.998, the AAA requests the Consumer [i.e. Crisher] review the statute and provide written response regarding how they wish to proceed." *Id.*

Upon receipt of the April 2 Letter, counsel for U.S. Bank, assuming AAA had not received check 799908 in the mail, voided the check and instead remitted a same-day ACH transfer for the invoiced amount, i.e., $1,650. *Id.* ¶¶ 11–13. Also, that same day, Crisher notified AAA that he wished to withdraw from the arbitration.  *Id.* ¶ 14.

On April 3, 2024, AAA administratively closed the case, and on either April 3 or 4, 2024, AAA deleted the arbitration case from its online portal, making it impossible for the parties to submit further filings in the case or submit payment via the portal.  ECF 69 at 14; Andrews Decl. ¶ 15. To date, AAA has not returned the $1,650 paid on April 2, 2024. Andrews Decl. ¶ 16.

Moving quickly, on April 5, 2024, Crisher filed a motion in this Court asking it to "reverse and vacate" its Arbitration Order. ECF 65. The Court struck the motion *sua sponte* on April 12, 2024. ECF 66. Crisher has now complied with

- 4 -

certain procedural formalities (including conferring with opposing counsel pursuant to Local Rule 7-3 and procuring a remand of the case from the Ninth Circuit Court of Appeals, where he had been challenging the Arbitration Order). ECF 67. He has therefore re-filed his motion to reverse and vacate. ECF 68 & 69. For the reasons stated below, this Court should deny his motion.

## II.    THE FAA PREEMPTS CALIFORNIA CODE OF CIVIL PROCEDURE §§ 1281.7 & 1281.98

The California statutes cited in the AAA letters are as follows. Section 1281.7 of the California Code of Civil Procedure states, in pertinent part (emphases added):

> (a)    (1) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, **if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration** under Section 1281.2.

> (2) After an employee or consumer meets the filing requirements necessary to initiate an arbitration, the arbitration provider shall immediately provide an invoice for any fees and costs required before the arbitration can proceed to all of the parties to the arbitration. **The invoice shall be provided in its entirety, shall state the full amount owed and the date that payment is due**, and shall be sent to all parties by the same means on the same day. To avoid delay, absent an express provision in the arbitration agreement stating the number of days in which the parties to the arbitration must pay any required fees or costs, the arbitration provider shall issue all invoices to the parties as due upon receipt.

> (b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may do either of the following:

> (1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction.

- 5 -

> (2) Compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration.

Section 1281.97, quoted above, governs the initiation of arbitration; its companion statute, § 1281.98, makes similar provisions for fees related to the continuation of arbitration.

Judge Jacqueline Scott Corley in the Northern District of California has concluded that § 1281.97 is preempted by the Federal Arbitration Act. *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745, 756 (N.D. Cal. 2022). As Judge Corley observed, "[a]bsent a 'time is of the essence' clause, slow payment—as opposed to no payment at all—is not usually sufficient to constitute breach under general principles of California contract law." *Id.* at 760. Yet subsection (a)(1) of § 1281.97 singles out arbitration contracts alone for unique treatment by legislatively creating an exception to this well-established common law rule. Cal. Civ. Proc. Code § 1281.97(a) ("if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement"). Judge Corley pointed out in *Belyea* that "[p]reemption [under the FAA] occurs when an arbitration-specific rule invalidates, revokes, or makes unenforceable an arbitration agreement upon grounds that do not exist 'at law or in equity' for the 'revocation of any contract.'" 637 F. Supp. 3d at 758 (quoting 9 U.S.C. § 2).

While some California appellate court decisions have taken the opposite view from *Belyea*, Justice Wiley of the California Court of Appeal, Second District, Division 8, sitting in Los Angeles, recently agreed with Judge Corley's analysis in a vigorous dissent in *Hohenshelt v. Superior Court*, 99 Cal. App. 5th 1319, 480–82 (2024) (Wiley, J., dissenting). As Justice Wiley bitingly explained while analyzing § 1281.97's sister statute, § 1281.98:

> What preempts this statute [Cal. Civ. Proc. Code § 1281.98] is the decision to make *arbitration* the hostage of delay. . . .

U.S. Bank's Opposition to Motion to Reverse
Case No. 2:23-cv-02963-SB-PVC

172284884v1 038730.000254

> [S]anctions like damages, a statutory fine of a motivating magnitude, and attorney fees would amply deter delay. Why abolish the *arbitration itself*? . . .
>
> By again putting arbitration on the chopping block, this statute invites a *seventh* reprimand from the Supreme Court of the United States.

99 Cal. App. 5th at 480 (Wiley, J., dissenting) (all emphases original); *see also id.* at 482 (Wiley, J., dissenting) (characterizing the "*Belyea* critique" as "devastating").

    *Hohenshelt* has since become the subject of a petition for review in the California Supreme Court, No. S284498. As of the date of this opposition brief, the state Supreme Court has not yet decided whether to take up the petition, and indeed has issued a *sua sponte* order extending its time for granting or denying review until July 5, 2024—perhaps an indication that the Court is considering taking up the question, particularly in light of Justice Wiley's strong words and *Belyea*'s equally compelling analysis.

    This Court should reach a similar conclusion and deny Crisher's motion. The FAA preempts any state rule that "singles out arbitration agreements for disfavored treatment." *Kindred Nursing Centers*, 581 U.S. at 248. Sections 1281.97 and 1281.98 blatantly single out arbitration agreements in exactly this way—attempting to render them completely meaningless and unenforceable if a small payment is missed even by a day or two due to inadvertent clerical error *caused in part by the arbitration tribunal itself*, as happened here. See Andrews Decl. ¶¶ 6–14. Late payment does not immediately render all aspects of other contracts completely void and meaningless in California—rather, this punishment is unique to arbitration agreements. Because the two statutes are pre-empted, this Court should decline to reverse its own well-reasoned Arbitration Order and re-open this case.[1]

---

[1] In *Smith v. Spizzirri*, 144 S. Ct. 1173, 1175 (May 16, 2024), the U.S. Supreme Court held that when a federal Court finds that a dispute is subject to arbitration and

U.S. Bank's Opposition to Motion to Reverse
Case No. 2:23-cv-02963-SB-PVC

**III.    THE AAA'S TERMINATION OF THE ARBITRATION SHOULD
NOT PROMPT THIS COURT TO VACATE ITS ARBITRATION
ORDER**

Some federal district courts have distinguished *Belyea* and re-opened the case for litigation when, as here, the arbitration tribunal dismissed the arbitration due to a late payment. *See, e.g.*, *Lee v. Citigroup Corporate Holdings, Inc.*, No. 22-cv-02718-SK, 2023 WL 6053849, at *2–4 (N.D. Cal. Sept. 14, 2023); *cf. Miller v. Plex, Inc.*, No. 22-cv-05015-SVK, 2024 WL 348820, at *2–6 (denying motion to compel arbitration when arbitration tribunal had not reacted to a slightly late payment with an immediate dismissal, and agreeing with *Belyea* that the FAA preempts §§ 1281.97 and 1281.98 of the California Code of Civil Procedure).

Here, the AAA's correspondence makes clear that, but for §§ 1281.97 and 1281.98, the remedy for U.S. Bank's untimely payment would lie in Consumer Arbitration Rule R-54, titled "Remedies for Non-Payment"—rather than in outright and immediate dismissal of the entire arbitration. ECF 69 at 12 (citing Rule R-54). Rule R-54 provides much less draconian remedies, including temporary suspension of the arbitration, limitation of a party's participation in the arbitration, etc.[2] Absent §§ 1281.97 and 1281.98—which are preempted and therefore unenforceable—U.S. Bank would have had the opportunity to cure this clerical error, and the arbitration between Crisher and U.S. Bank would still be going. Instead, solely because of these two statutes, the deadline was missed on April 1; U.S. Bank was advised of

---

a party has requested a stay of the Court proceeding pending arbitration, the FAA compels the Court to stay the proceeding rather than dismissing it. However, there is nothing in the opinion to indicate that this ruling would apply retroactively to require modification of this Court's settled Arbitration Order, which issued in August 2023.

[2] AAA's Consumer Arbitration Rules are available at
https://www.adr.org/sites/default/files/Consumer-Rules-Web_0.pdf.

U.S. Bank's Opposition to Motion to Reverse
Case No. 2:23-cv-02963-SB-PVC

172284884v1 038730.000254

the error on April 2; and by April 3, the entire arbitration was completely over, leaving U.S. Bank with no recourse whatsoever. See ECF 69 at 12, 14.

This rapid sequence of events is a textbook example of the overly harsh operation of §§ 1281.97 and 1281.98. It shows how, in their practical application, they single out arbitration agreements for disparate treatment, by imposing far more dire consequences for minor, non-prejudicial, immediately remediable contract violations than regular contract law would ever do. The AAA's near-instantaneous dismissal of the arbitration under the strictures of §§ 1281.97 and 1281.98—as a result of confusion caused *by AAA's own typo on its invoice*—should not prompt this Court to vacate the Arbitration Order or take other action to reinstate these proceedings.[3]

Instead, the Court should deny Crisher's order on the basis of FAA preemption. Under the inherent power conferred on this Court by 9 U.S.C. § 10(a)(4), the Court should direct the parties to return to AAA with instructions to proceed under Rule R-54, the operation of which will allow U.S. Bank to cure its inadvertent error by paying the remainder of the outstanding fees, thereby allowing the proceedings to be reinstated in that tribunal.

## IV.  CONCLUSION

For the reasons stated above, this Court should deny Crisher's motion to reverse and vacate. This case should revert to its original posture of dismissal without prejudice.

---

[3] Indeed, technically the invoice typo means that it was AAA, not U.S. Bank, who was violating section 1281.97(a)(2), which states that "[t]he invoice shall be provided in its entirety, ***shall state the full amount owed*** and the date that payment is due." (Emphasis added.)

U.S. Bank's Opposition to Motion to Reverse
Case No. 2:23-cv-02963-SB-PVC

172284884v1 038730.000254

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  June 7, 2024

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: */s/ Elizabeth Holt Andrews*
　　Elizabeth Holt Andrews

Attorneys for Defendant
U.S. BANK, NATIONAL
ASSOCIATION

U.S. Bank's Opposition to Motion to Reverse
Case No. 2:23-cv-02963-SB-PVC

172284884v1 038730.000254