TROUTMAN PEPPER HAMILTON SANDERS LLP
Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone:  415.477.5762
Facsimile:   415.477.5710

Alexandria Pritchett (SBN 340626)
alexandria.pritchett@troutman.com
11682 El Camino Real, Suite 400
San Diego, California 92130-2092
Telephone:  858.509.6000
Facsimile:   858.509.6040

*Attorneys for Defendant*
U.S. Bank, National Association

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION—LOS ANGELES

| | |
|---|---|
| CLINTON GLEN CRISHER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>U.S. BANK NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:23-CV-02963-SB-PVC<br><br>**DECLARATION OF ELIZABETH HOLT ANDREWS IN SUPPORT OF DEFENDANT U.S. BANK, NATIONAL ASSOCIATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REVERSE AND VACATE**<br><br>Hearing Date: June 28, 2024<br>Time: 8:30 AM<br>Courtroom: 6C<br>Judge: Hon. Stanley Blumenfeld, Jr. |

- 1 -

I, Elizabeth Holt Andrews, am over the age of eighteen, have personal knowledge of and am competent to testify to the facts set forth below:

1.    I am an attorney at the law firm of Troutman Pepper Hamilton Sanders LLP and counsel of record on behalf of defendant U.S. Bank, National Association, in the above-captioned lawsuit.  I am providing this declaration in support of U.S. Bank's opposition to plaintiff Clinton Glen Crisher's motion to reverse the order of dismissal and vacate the prior order to compel arbitration, ECF 68.

2.    The statements set forth in this declaration are true and correct to the best of my knowledge, information, and belief. Except where based upon information provided by persons working under my direction and supervision, the statements herein are based on my personal knowledge or review of the business records of my law firm.

3.    It is the regular business activity of my law firm to pay, at client request, administrative fees to courts and other fora in connection with litigated matters. Records reflecting that activity are made at or near the time of such activity being conducted.

4.    On August 23, 2023, this Court entered an Order granting U.S. Bank's Motion to Compel Arbitration. ECF 53.

5.    On or about November 10, 2023, Crisher initiated an arbitration proceeding with the American Arbitration Association ("AAA") against U.S. Bank based on the same underlying dispute at issue in this lawsuit.

6.    On February 29, 2024, AAA sent correspondence to the parties stating that an arbitrator had been appointed and noting that certain fees were due (the "February 29 Letter"), as follows: "An arbitrator is appointed; therefore, the Case Management Fee of $1400 and arbitrator compensation deposit of $2500 are due from the Business [i.e. U.S. Bank]. An invoice is enclosed to facilitate payment by the Business pursuant to California Code of Civil Procedure sections 1281.97 and

172202550v1 038730.000254

1281.98." A true and correct copy of the February 29 Letter is attached hereto as **Exhibit A**.

7.    The invoice enclosed with the February 29 Letter, however, did not reflect the full amounts stated in the letter. Instead, it listed $1,400 for a "Case Management Fee" and $250 for a "Miscellaneous Fee", resulting in a total due of $1,650. A true and correct copy of the AAA invoice enclosed with the February 29 Letter is attached hereto as **Exhibit B**.

8.    The discrepancy between the $3,900 total set forth in the February 29 Letter and the $1,650 total stated in the invoice created confusion internally at my law firm as to the amount to be paid, and ultimately payment was requested from our accounting department for only the invoiced amount of $1,650.

9.    The invoice was submitted to the accounting department for payment on March 14, 2024, and a check number 799908 was issued and mailed. A true and correct copy of this check is attached hereto as **Exhibit C**.

10.    On April 2, 2024, AAA provided notice to the parties that U.S. Bank's payment was late and sought direction from Crisher whether he wished to proceed with the arbitration. A true and correct copy of the April 2, 2024, correspondence from AAA is attached hereto and incorporated herein by reference as **Exhibit D**.

11.    Upon receipt of the April 2, 2024, correspondence, acting on the assumption that the check from the firm's accounting department had not reached AAA promptly in the mail, my law firm voided check 799908 and sent an immediate payment via automated clearing house (ACH) directly to AAA.

172202550v1 038730.000254

12.     A snip from the relevant bank records, showing the cancelled check, is below:

| Check Number | Amount | Status | Payee | Account Number | Posting Date |
|---|---|---|---|---|---|
| 1   799908 | 1,650.00 USD | Cancelled | AMERICAN ARBITRATION ASSOCIATION | 2079900030141 | |

13.     A snip from my law firm's records reflecting the replacement ACH transfer on April 2, 2024, is below:

```
4/2/2024     506 / BOOK TRANSFER DEBIT                          Debit Amount:       1,650.00
             Cust Ref: 00000000000                              Bank Ref: IA009956426102
             Unique ID: RG240402455327
             WT SEQ455327 AMERICAN ARBITRATION AS /BNF=AMERICAN ARBITRATION ASSOCIATION, INC., MAI SRF#
             GW00000066477983 TRN#240402455327  RFB#        15716
```

14.     Also on April 2, 2024, Crisher notified AAA that he wished to withdraw from the arbitration.

15.     On April 3, 2024, AAA administratively closed the case, and on either April 3 or 4, 2024, AAA deleted the arbitration case from its online portal, making it impossible for the parties to submit further filings in the case or submit payment via the portal.

16.     To date, AAA has not returned the $1,650 that my firm paid on behalf of U.S. Bank via ACH on April 2, 2024.

16.     The delay in payment was not caused by any disregard for the rules of AAA or California law on the part of U.S. Bank or my law firm, but rather internal confusion and inadvertence on the part of U.S. Bank's outside counsel, coupled with an apparent typo by AAA in its invoice.

17.     My law firm, on behalf of U.S. Bank, is ready to pay the remaining $2,500 due if the arbitration is reinstated.

- 4 -

1
2
3

     I declare under penalty of perjury under the laws of the United States, and

pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

4

     Executed on this 7th day of June 2024 at San Francisco, California.

5
6

                             __/s/ Elizabeth Holt Andrews_____
                                  Elizabeth Holt Andrews

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Andrews Declaration
Case No. 2:23-cv-02963-SB-PVC

172202550v1 038730.000254